UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00270

**Robert Maynard Hodgson,**
*Petitioner,*

v.

**TDCJ-CID,**
*Respondent.*

# ORDER

Petitioner, a Texas Department of Criminal Justice (TDJC) inmate proceeding pro se and in forma pauperis, filed a petition for a writ of habeas corpus. Doc 3. The court designated a magistrate judge to the full extent authorized by 28 U.S.C. § 636(b)(1) to handle the case. The magistrate judge issued a report recommending that the court deny petitioner's motion for summary judgment. Doc. 26. Petitioner filed objections. Doc. 28.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

The magistrate judge recommends finding that (1) the petitioner has failed to show that there is no genuine dispute as to any material fact and that (2) petitioner is not entitled to a judgment as a matter of law. Doc. 26. In his objections, petitioner argues that he pleaded guilty "predicated upon [an] incorrect assurance"

that he could file an appeal. Doc. 28. He also complains that this court granted respondent extensions of time to respond to the initial petition. *Id*. Petitioner's objections fail to respond to the substance of the magistrate judge's report. The court therefore finds petitioner's objections improper and overrules them as such.

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. Any pending motions are denied as moot.

*So ordered by the court on September 2, 2026.*

J. Campbell Barker
United States District Judge